**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4092-17T3

IN THE MATTER OF CAROL
FOX, BOROUGH OF KEYPORT
POLICE DEPARTMENT.

_____

Submitted June 4, 2019 – Decided August 8, 2019

Before Judge Hoffman and Geiger.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-1033.

Di Francesco Bateman Kunzman Davis Lehrer & Flaum, PC, attorneys for appellant Carol Fox (Richard Paul Flaum and Robert Philip Manetta, on the briefs).

Mc Manimon Scotland & Baumann LLC, attorneys for respondent Borough of Keyport Police Department (Leslie G. London and Thaddeus John Del Guercio, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (George Norman Cohen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Carol Fox appeals from a final determination of the Civil Service Commission (Commission) terminating her position as a communications officer / dispatcher (dispatcher) with the Borough of Keyport Police Department (department) for leaving her dispatch post prior to her relief arriving, in violation of specific rules and department policies and practices. The Commission adopted the decision of the Administrative Law Judge (ALJ). We affirm.

Because ALJ Sarah G. Crowley comprehensively detailed the relevant factual and procedural history in her written opinion, we briefly recount those facts necessary to provide context for our decision.

Fox was a dispatcher with the department for thirteen years. The duties of the dispatchers are to answer the telephone and dispatch police and fire departments to emergencies. Dispatchers also log every fifteen minutes what a prisoner is doing if there is a prisoner in the holding cell. It is undisputed that Fox left her post on July 26, 2017 prior to being relieved, leaving a prisoner and the emergency phone desk unattended. Prior to leaving, the rules require dispatchers to wait for their relief and then provide an update on any developments that occurred during their twelve-hour shifts.

On August 29, 2017, Fox was served a Preliminary Notice of Disciplinary Action (PNDA) and was suspended with pay pending a <u>Loudermill</u>[1] hearing for incompetency, inefficiency or failure to perform duties, chronic or excessive absenteeism or lateness, neglect of duty, and other sufficient causes in violation of N.J.A.C. 4A:2-2.3.

A week later, Fox participated in a <u>Loudermill</u> hearing before the Keyport Borough Council. The borough administrator issued a Final Notice of Disciplinary Action (FNDA) on September 20, 2017, imposing the penalty of removal and termination, effective immediately. Fox appealed her termination and the matter was transferred to the Office of Administrative Law (OAL) as a contested case.

The ALJ presided over a one-day hearing. She considered testimony from seven witnesses, including Fox. In her written decision, the ALJ stated that Fox testified:

> She is familiar with the rules and regulations governing the department with respect to the job duties. . . . [Dispatchers] are required to fill in the log sheet with anything that happens. [Fox] was working . . . on July 26, 2017. Her shift ended at 6:30 a.m. and [officers] Dixon, Salvatore, McCartin, and Hassmiller were in the office. She stopped and said goodbye to them and left. She never asked who was relieving her, and did not seek

---

[1] <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 546 (1985).

permission to leave her post before her replacement arrived. She knew that the usual relief, Gallagher[,] was on vacation, but she did not know who was supposed to relieve her and she did not ask. She testified that she just assumed they knew someone needed to relieve the dispatch.

. . . . [Fox] testified that [the officers in the office] should have known no one was at dispatch because she had said goodbye and Gallagher was off. She also said it was a onetime oversight.

In her written decision, the ALJ determined that the department satisfied its burden of proof by a preponderance of the competent and credible evidence. She characterized all of the witnesses' testimony as "honest and sincere," and found "[t]he facts surrounding the charges are undisputed." Namely, Fox did "not dispute that she left her post at dispatch prior to being relieved on July 26, 2017." The ALJ determined the "fact that she stopped and said good[]bye to everyone, including her supervisor does not relieve[] her of the obligation of waiting for relief before leaving her post." The ALJ concluded that Fox's conduct was "in violation of the rules and regulations and engaged in incompetency, inefficiency, neglect of duty and other sufficient cause."

The ALJ then determined that "the penalty of removal is appropriate given the egregious nature of the offense of just leaving an important post without securing relief, which could have resulted in life threatening consequence for

A-4092-17T3

the public trying to call in an emergency and the prisoner who was left without supervision." In reaching this penalty, the ALJ cited several aggravating factors:

> One factor is that [Fox] continued to try to justify leaving her post by claiming she said good[]bye first and that it was a "one time" oversight. [Fox's seven] prior offenses of neglect of duty and/or incompetency are further aggravat[ing] factors.

In considering the former charges against Fox for incompetency, inefficiency and neglect of duty in her analysis, the ALJ reasoned that an employee's "past record may be considered when determining the appropriate penalty for the current offense." (quoting In re Phillips, 11 N.J. 567, 581 (1990)).

On April 6, 2018, the Commission adopted the ALJ's findings of fact and conclusions of law.

On appeal, Fox contends the decision of the Commission to terminate her was arbitrary, capricious, and not reasonably proportional to the offense. We disagree.

Appellate review of an administrative agency decision is limited. In re Herrmann, 192 N.J. 19, 27 (2007). A strong presumption of reasonableness attaches to the Commission's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001). Appellant has the burden to demonstrate grounds for reversal. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

A-4092-17T3

Appellate courts generally defer to final agency actions, only "reversing those actions if they are 'arbitrary, capricious or unreasonable or [if the action] is not supported by substantial credible evidence in the record as a whole.'" N.J. Soc'y for the Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J. 366, 384-85 (2008) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (alteration in original)). Under the arbitrary, capricious, and unreasonable standard, our scope of review is guided by three major inquiries: (1) whether the agency's decision conforms with the relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion. In re Stallworth, 208 N.J. 182, 194 (2011).

When an agency decision satisfies such criteria, we accord substantial deference to the agency's fact-finding and legal conclusions, acknowledging the agency's "expertise and superior knowledge of a particular field." Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). We will not substitute our judgment for the agency's even though we might have reached a different conclusion. Stallworth, 208 N.J. at 194; see also In re Taylor, 158 N.J. 644, 656 (1999).

A-4092-17T3

Our deference to agency decisions "applies to the review of disciplinary sanctions as well." Herrmann, 192 N.J. at 28. "In light of the deference owed to such determinations, when reviewing administrative sanctions, 'the test . . . is whether such punishment is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness.'" Id. at 28-29 (quoting In re Polk, 90 N.J. 550, 578 (1982)).

Having considered Fox's arguments in light of the record on appeal and our limited standard of review, we affirm the Commission's final determination substantially for the reasons expressed by the ALJ. The Commission's final determination is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). Fox's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4092-17T3